IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRK2 BROKERAGE, LLC<br>*Plaintiff,*<br><br>v.<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY, AS TRUSTEE, IN<br>TRUST FOR REGISTERED HOLDERS<br>OF LONG BEACH MORTGAGE LONG<br>TRUST 2005-WL2, ASSET-BACKED<br>CERTIFICATES, SERIES 2005-WL2<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:23-cv-00960 |

## NOTICE OF REMOVAL

Defendant, Deutsche Bank National Trust Company, as Trustee, In Trust for Registered Holders of Long Beach Mortgage Long Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2 ("Deutsche Bank" or "Defendant"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 160th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. The grounds for removal are as follows:

### I.   STATE COURT ACTION

1. Plaintiff commenced this action by filing an Original Petition (the "Complaint") on April 3, 2023, in the 160th District Court of Dallas County, Texas, and the case was docketed as Cause No. DC-23-04203 (the "State Court Action"). The Complaint seeks to prevent the foreclosure of property located at 6836 Cedar Shadow Drive, Dallas, Texas 75236 (the "Property").

2.  Copies of the Complaint and summons were never served upon Deutsche Bank. Citation was requested on April 12, 2023, and issued on April 18, 2023, but was not served. Deutsche Bank became aware of the State Court Action on April 3, 2023, when Plaintiff's counsel emailed a copy of the Temporary Restraining Order entered by the 160th District Court of Dallas County to counsel for Deutsche bank. Deutsche Bank is filing its Original Answer in the State Court Action prior to filing this Notice of Removal. True and correct copies of the Complaint and DEUTSCHE's Answer and Counterclaims are attached hereto as **Exhibit "3."**

3.  In the Complaint, Plaintiff a Temporary Restraining Order ("TRO"), and a temporary injunction preventing foreclosure until at least thirty days after Deutsch Bank provides the information needed to redeem the Property. On April 14, 2023, the Dallas County Ancillary Judge entered a TRO and set a hearing on Plaintiff's Application for Temporary Injunction for April 14, 2023. On April 14, 2023, 2023, the Court extended the TRO and re-set the Temporary Injunction hearing for April 26, 2023. A copy of the TRO entered on April 3, 2023, as well as all other orders signed by the state court judge are attached hereto as **Exhibit "4."**

4.  Under 28 U.S.C. §1446(b), this Notice of Removal must be filed within thirty days of the service of the Complaint and summons. Deutsche Bank was not served with citation or a copy of the Complaint, but voluntarily filed its answer on May 2, 2023. Deutsche Bank's answer constitutes a voluntary waiver of service under Texas Rule of Civil Procedure 119 and 120. The thirty-day removal deadline began to run on the date of Deutsche Bank's answer. Deutsche Bank timely files this Notice of Removal on May 3, 2023. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant voluntarily filing an answer).

5. No party requested a jury trial in the State Court Action.

## II. PROCEDURAL REQUIREMENTS

6. Pursuant to Northern District of Texas Local Rule 81, Defendant attaches the following to this Notice of Removal:

   a. A Civil Cover Sheet and Supplemental Civil Cover Sheet (**Exhibit 1**);

   b. All executed process in this case **(Exhibit 2)**;

   c. Plaintiff's Original Petition and Defendant's Original Answer and Counterclaim (**Exhibit 3**);

   d. All orders signed by the state judge (**Exhibit 4**);

   e. The docket sheet (**Exhibit 5**);

   f. An index of matters being filed (**Exhibit 6**);

   g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 7**);

   h. Records of property value, Dallas County Appraisal District (**Exhibit 8**); and

   i. Disclosure Statement and Certificate of Interested Parties (**Exhibit 9**).

To the extent possible, these documents are arranged in chronological order according to the state court file date.

7. Concurrent with the filing of this Notice, Deutsche Bank is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 160th District Court of Dallas County, Texas.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Northern District of Texas, Dallas Division is the federal judicial district embracing the 160th Judicial District Court of Dallas County, Texas, where this action was originally filed.

9. DEUTSCHE is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "9."**

10. Deutsche Bank reserves the right to assert any defenses and/or objections to which it may be entitled.

### III.    BASIS FOR REMOVAL JURISDICTION

**A. Diversity Jurisdiction.**

11. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the Unite States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original jurisdiction over this proceeding because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. *See: Lincoln Prop. Co. v. Roche*, 54 U.S. 81, 89 (2005).

**i.    The Parties are Diverse.**

12. Plaintiff, MRK2 Brokerage, LLC is a limited liability company formed under the laws of the State of Texas.[1]   Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).   MRK2 Brokerage, LLC's sole member, Muhammad Kohistani, resides at 1776 Lookout Drive, No. 4207, Garland, Texas 75044.  For purposes of diversity, an individual is a citizen of the state of her domicile, which is the place of her true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever she is absent there from. *See*

---

[1] *See* Plaintiff's Verified Original Petition, p. 1, §2.

*Preston v. Tenet Healthsytem Mem'l Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007). Paintiff's sole member is a citizen of Texas. Plaintiff is therefore a citizen of Texas.

13. Deutsche Bank has been sued in its capacity as trustee. "[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." *Wells Fargo Bank, N.A. v. Am. Gen. Live Ins. Co.*, 670 F. Supp.2d 555, 561 (N.D. Tex. 2009) (citing *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 461 (1980); *Bass v. Int'l Brotherhood of Boilermakers*, 630 F.2d 1058, 1067 n. 17 (5th Cir. 1980). Deutsche Bank is a nation banking association. Its citizenship for diversity purposes is determined by the place designated in the bank's articles of association as the location of its main office. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S .303, 318 (2006). Deutsche Bank's main office, per its Articles of Association, is located in the State of New York. Deutsche Bank is therefore a citizen of New York for purposes of diversity jurisdiction.

14. Plaintiff is a citizen of Texas and Defendant is a citizen of New York. Complete diversity of citizenship exists between the parties and removal is proper.

**B.**     **The Amount in Controversy Exceeds 75,000.00**

15. Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

16. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Also see Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance*, LLC, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. August 27, 2009); *Also see Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Texas Sept 24, 2010); *see also: Nationstar Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 ("'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547-48 (5th Cir. 1961))

17. In this case, Plaintiff seeks injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of the Property. The object of Plaintiff's litigation is the Property. The Property, 6836 Cedar Shadow Drive, Dallas, Texas 75236, is currently appraised at $277,360.00 according to the Dallas County Appraisal District. *See* Exhibit 8.

18. The facts contained in the Dallas County Appraisal District reports are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value. As such, these facts are subject to judicial notice under FED. RULE OF EVID. 201. Also See *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*,

2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Harris County Appraisal District valuation). Deutsche Bank asks the Court to take judicial notice of **Exhibit 8** and the information reported by the Dallas County Appraisal District in **Exhibit 8** attached hereto.

## V.     CONCLUSION

22.     The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the controversy exceeds the value of $75,000.00. PNC respectfully asks this Court to accept this Notice of Removal, , that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Dated:  May 3, 2023.

Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: __/s/ Damian W. Abreo_____
    Damian W. Abreo
    Texas Bar No. 24006728
    TotalEnergies Tower
    1201 Louisiana Street, 28th Floor
    Houston, Texas 77002
    (713) 759-0818 (Telephone)
    (713) 759-6834 (Facsimile)
    dabreo@hwa.com (E-mail)

**ATTORNEY FOR DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LONG TRUST 2005-WL2,**

ASSET-BACKED CERTIFICATES, SERIES 2005-WL2

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 3rd day of May, 2023, addressed as follows:

*Via Email: matthew@bnmdallas.com*
*Via Email: arianna@bnmdallas.com*
BROUSSEAU NAFTIS & MASSINGILL
Matthew G. Naftis
Arianna L. Smith
300 Knox Place
4645 North Central Expressway
Dallas, Texas 75205

**ATTORNEYS FOR PLAINTIFF**

_/s/ Damian W. Abreo_____
Damian W. Abreo