IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRK2 BROKERAGE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-960-X-BN |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| | § | |
| Defendant | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendant Deutsche Bank National Trust Company has filed a motion for partial summary judgment. *See* Dkt. No. 17. Plaintiff MRK2 Brokerage, LLC, has not filed a response, and the time to do so has passed.

For the following reasons, the Court should grant the motion for partial summary judgment.

**Background**

Elmer Lindsey and Rosalie Lindsey ("collectively, the "Borrowers") purchased property located at 6836 Cedar Shadow Drive in Dallas, Texas (the "Property") from Christopher D'Angelo Wilson. *See* Dkt. No. 18-3 at 1-3 (Warranty Deed with Vendor's Lien). They obtained two loans from Long Beach Mortgage Company– one

in the amount of $96,000 and the other $24,000 – to finance the purchase. *See id.*

### The Senior Lien

On May 8, 2005, Elmer Lindsey signed a Note payable to Long Beach Mortgage Company in the amount of $96,000. *See* Dkt. No. 18-3 at 4-7. The Note was secured by a Deed of Trust signed by both Borrowers. *See id.* at 8-14. Long Beach was the beneficiary of the Deed of Trust. *See id.* at 8.

The Deed of Trust was recorded in the Real Property Records of Dallas County, Texas on May 17, 2005, at 1:11 p.m. as document number 2005 097 04270-04277. *See id.* at 14.

Long Beach was a wholly owned subsidiary of Washington Mutual, which used Long Beach as its subprime lender. *See* Dkt. No. 18 at 6 & n.1. Washington Mutual purchased Long Beach in October 1999. *See id.* Long Beach stopped making loans in the last quarter of 2007. *See id.*

In September 2008, the Office of Thrift Supervision seized Washington Mutual, and the Federal Deposit Insurance Corporation facilitated the sale of Washington Mutual's assets to JPMorgan Chase & Co. *See id.*

But on May 30, 2008, prior to the seizure by the Office of Thrift Supervision, Washington Mutual, as successor-in-interest to Long Beach, assigned the beneficial rights under the Deed of Trust to Deutsch Bank. *See id.*

### The Junior Lien

On May 9, 2005, the Borrowers signed a Security Document (the "Second Lien") to secure payment of a second note in the amount of $24,000. *See id.* at 15-27.

Long Beach was the beneficiary of the Second Lien. *See id*. at 15 of 111.

The Second Lien was recorded in the Real Property Records of Dallas County, Texas on May 17, 2005, at 1:11 P.M. as document number 2005 097 04278-04290. *See id*. at 27.

The Borrowers apparently defaulted on the indebtedness secured by the Second Lien. On September 6, 2022, the mortgage servicer enforced the power of sale in the Second Lien by foreclosing on the Property. *See id*. at 30-39.

Flight 2010 purchased the Property at the foreclosure sale. *See* Dkt. No. 1-3 at 2; Dkt. No. 18-3 at 30-39. On September 12, 2022, the substitute trustee executed a Substitute Trustee's Deed conveying the Property to Flight 2010. *See* Dkt. No. 18-3 at 30.

On September 19, 2022, Flight 2010 executed a Special Warranty Deed conveying the Property to Antar. *See id*. at 40-44.

On January 30, 2023, Antar executed a Special Warranty Deed conveying the Property to MRK2. *See* Dkt. No. 18-3 at 51-53. MRK2 took title to the Property subject to the lien held by Deutsche Bank.

<u>The Attempted Foreclosure</u>

Elmer Lindsey failed to make payments on the Note. On September 21, 2022, the mortgage servicer for Deutsch Bank mailed a Notice of Default letter to Elmer Lindsey by certified mail. *See id*. at 45-50. The letter advised Lindsey (1) that the loan was in default, (2) the amount necessary to cure the default as of September 21, 2022 as $1,448.00, (3) that Lindsey had until October 24, 2022, to cure the default,

and (4) that if the default is not cured by October 24, 2022, or some loss mitigation is not started, the Note's maturity would be accelerated. *See id.*

The default was not cured and on January 18, 2023, the mortgage servicer referred the loan to a law firm to begin the foreclosure process. *See* Dkt. No. 18 at 7 ¶10.

On February 6, 2023, Deutsche Bank, acting through its counsel, served Notice of Maturity/Acceleration on the loan and enclosed Notice of Substitute Trustee's Sale letters on Elmer Lindsey, Rosalia Lindsey, the unknown heirs of Elmer Lindsey, and Antar by first class mail and certified mail, return receipt requested, addressed to the Property address. *See* Dkt. No. 18-3 at 54-87. Identical records were sent to Antar at the address listed for it in the Texas Secretary of State's records. *See id*. The letters advised that the Property would be sold at a substitute trustee's sale to be held on April 4, 2023. *See id*.

On February 9, 2023, the substitute trustee posted and filed Notice of Sale as required by the Texas Property Code. *See id*. at 88-90.

<u>The Lawsuit</u>

On April 3, 2023, MRK2 filed this lawsuit in state court to stop the pending foreclosure scheduled for the next day. *See* Dkt. No. 1-3 (Plaintiff's Verified Original Petition and Application for Temporary Restraining Order and Injunctive Relief). MRK2's sole claim was for equitable redemption. It alleged that it was ready and willing to discharge any valid obligation secured by the Deed of Trust to avoid the foreclosure sale of the Property and it had been unable to obtain the information

enable it pay off the alleged obligation owed under the Deed of Trust. MRK2 further alleged that as the current owner of the Property, *see id.* at ¶ 7, it had the right to pay off any valid senior lien before foreclosure and would suffer a loss from foreclosure. *See id.* at 3 ¶¶ 11-13.

The state court entered an *ex parte* temporary restraining order restraining Deutsch Bank from exercising its rights under the Deed of Trust. *See* Dkt. No. 1-4.

On April 27, 2023, MRK2 sold the Property to Legacy Brokerage, LLC. To fund the purchase, Legacy Brokerage signed a note payable to MRK2 in the amount of $220,000. *See* Dkt. No. 18-3 at 95 of 111. Legacy Brokerage also signed a deed of trust (the "Second Deed of Trust") to secure payment of the note. *See id.* at 95-104. On April 28, 2023, MRK2 executed a Warranty Deed with Vendor's Lien conveying the Property to Legacy Brokerage. *See id.* at 91-94.

On May 3, 2023, Deutsche Bank removed the lawsuit to this Court.

On May 10, 2023, counsel for Deutsch Bank provided a payoff quote to MRK2's counsel for the purpose of facilitating MRK2's exercise of its right of redemption. *See id.* at 105-107, 108-111. The payoff amount, good through May 15, 2023, was $115,799.94. *See id.* at 108. MRK2 has not redeemed the Property or proven that it is ready, able or willing to redeem the Property by paying off the Note.

Deutsch Bank seeks summary judgment on MRK2's equitable redemption claim because MRK2 has failed to redeem the Property after being provided a payoff quote and given an opportunity to do so.

MRK2 did not file a response to the motion for partial summary judgment.

-5-

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all

justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there

is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

I. <u>The Court cannot grant the motion based on the lack of response alone.</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL

3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir.

2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Deutsch Bank's motion for summary judgment [Dkt. No. 17] solely because MRK2 failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

> "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
>> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]
>
> FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, MRK2's pleadings are not verified, and so MRK2 has presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at

*4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

II. Deutsche Bank is entitled to summary judgment on MRK's equitable redemption claim.

A right of redemption is a right to pay the full amount owed on a mortgage to redeem a property subject to foreclosure within a reasonable time of default. *See DBDFW 3 LLC v. JPMorgan Chase Bank, N.A.*, No. 3:18-CV-3148-C-BN, 2019 WL 823810, at *8 (N.D. Tex. Feb. 6, 2019) (citing *Holt v. Deutsche Bank Nat'l Trust Co.*, No. 4:16-cv-196-A, 2016 WL 1633254, at *2 (N.D. Tex. April 20, 2016) (citing *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App. – Austin 1990, no writ)).

To establish an equitable right of redemption, a party must (1) have an equitable or legal right to the property; (2) prove that he is ready, able or willing to redeem the property in controversy by paying off the amount of valid and subsisting liens on the property; and (3) assert the equitable right of redemption prior to a foreclosure sale. *See Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W. 26, 28, (Tex. App.–Austin 1990, no writ).

Stating that the plaintiff is willing to satisfy the lien is insufficient to state a claim for equitable redemption. *See DBDFW*, 2019 WL 823810, at *8 (citing *Holt*, 2016 WL 1633254, at *2). The plaintiff must provide additional details such as the value of the lien, how it would pay, its own net worth or assets, or any other information from which the court could infer that plaintiff's right to relief is plausible. *See id.* (citing *330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. April 8, 2015)). A tender of whatever amount is due on the note is a "necessary prerequisite" to the recovery of title under an equitable redemption claim. *See id.* (citing *Fisher v. Wells Fargo Bank, N.A.*, No. 4:17-cv-283-O-BP, 2017 WL 3225491, at *2 (N.D. Tex. July 12, 2017) (quoting *Kingman Holdings, LLC v. BAC Home Loans Servicing, LP*, No. 4:10-cv-698, 2011 WL 1882269, at *4 (E.D. Tex. April 21, 2011))).

MRK2 alleged that it was ready and willing to pay off the amount due under the Note, but not that it was able to do so.

Deutsch Bank's attorney gave MRK2 a payoff quote on May 10, 2023. *See* Dkt. No. 18-3 at 3 ¶10 (Damian W. Abreo Affidavit); 105-11 (Payoff Quote). But MRK2

has not tendered the amount due under the Deed of Trust. *See* id. at 1 ¶ 10 (Affidavit of Diane Weinberger on behalf of Select Portfolio Servicing); 3 ¶ 9 (Abreao Affidavit).

Accordingly, since it is undisputed that MRK2 has not tendered payment for the amount due under the Note, the Court should grant Deutsch Bank's motion for partial summary judgment.

## Recommendation

The Court should grant Defendant Deutsch Bank National Trust Company's Motion for Partial Summary Judgment [Dkt.l No. 17] and dismiss with prejudice MRK2 Brokerage, LLC's claim for equitable redemption.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE